UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JANINE R. BENNER, ) | |
| ) | |
| Plaintiff, ) | Case No: 1:08-cv-40 |
| ) | |
| v. ) | |
| ) | |
| CREATEC CORPORATION, ) | Chief District Judge Curtis L. Collier |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Before the Court is defendant Createc Corporation's ("Defendant's") motion to dismiss (Court File No. 9). Plaintiff Janine R. Benner ("Plaintiff") has responded (Court File No. 12), and Defendant has filed a reply to Plaintiff's response (Court File No. 13). For the following reasons, the Court will **DENY** Defendant's motion (Court File No. 9).

**I.  FACTS**

Plaintiff in this action has filed a bare-bones complaint (Court File No. 1 "Complaint"). Plaintiff alleges Defendant wrongfully terminated her in violation of the Tennessee Handicap Act ("THA"), Tenn. Code Ann. §§ 8-50-103 to 8-50-104, Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12101 to 12213, and the Family and Medical Leave Act ("FMLA") 29 U.S.C. §§ 2601 to 2654 (Complaint ¶¶ 8-12).

The entirety of the factual bases of Plaintiff's claims follow:

> 5.  Plaintiff is an individual with a disability. Plaintiff was employed from April 18, 2005, until her termination on February 23, 2007, as a Customer Service Representative.

> 6. Plaintiff informed her manager on February 21, 2007, that she had been diagnosed with a breast tumor, and Plaintiff requested Family and Medical Leave.
> 7. In response, Plaintiff was terminated two days later.

(Complaint ¶¶ 5-7).

## II. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint because "it is devoid of facts and built on speculation." (Court File No. 10 at 1). Defendant relies on the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and argues the Supreme Court provided a heightened pleading standard as compared with pre-existing law. The Sixth Circuit has recently discussed *Twombly* and considered it along with another Supreme Court case decided soon after:

> In [*Twombly*] the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim. . .

*Sensations, Inc. v. City of Grand Rapids*, --- F.3d ----, 2008 WL 2097410, *2 (May 20, 2008).

The United States Court of Appeals for the Sixth Circuit also noted that there is "some uncertainty concerning the scope of" *Twombly*. *Id.* at *2 n.1 (quoting *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 337 n.4 (6th Cir. 2007)). "In particular, we have taken note

of the Second Circuit's interpretation of *Twombly* as enacting a 'plausibility standard which did not significantly alter notice pleading or impose heightened pleading requirements for all federal claims, and instead, required more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Id.* (quoting *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir.2007)) (internal brackets and ellipses omitted). As the Sixth Circuit noted, the Supreme Court reiterated the notice pleading standard in the *Erickson* case, and so it is not settled that Defendant is correct in its argument the Supreme Court has heightened the notice pleading standard in *Twombly*. *Sensations, Inc.*, 2008 WL 2097410, at *2.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination*, 507 U.S. 163, 168 (1993).

Defendant first argues Plaintiff's ADA and THA claims should be dismissed, because "[t]o allege a viable cause of action under the ADA, plaintiff must allege sufficient facts to show that she is 'disabled' as defined by the ADA." (Court File No. 10 at 4). Defendant argues the complaint is unclear on what her alleged disability was, and Plaintiff instead "merely pleads (1) a legal conclusion that she 'is an individual with a disability' and (2) that she had 'a breast tumor.'" (*Id.*). Defendant argues breast cancer is not a per se disability under the ADA and the mere allegation of a "breast tumor" without more is insufficient to plead an ADA claim. (*Id.* at 5) (*citing Alderice v. Am. Health Holding, Inc.*, 118 F.Supp.2d 856, 863 (S.D. Ohio 2000); *Ferrette v. Cuyahoga County Bd. of Elections*, 105 F. App'x 722 (6th Cir. 2004)). Both *Alderice* and *Ferrette* however concerned

motions to dismiss under Rule 56 and not Rule 12(b)(6). *Alderice*, 118 F.Supp.2d at 859; *Ferrette*, 105 F. App'x at 724. The relevant question before the Court is not what Plaintiff must prove at trial or summary judgment, but rather what Plaintiff must plead. And so while *Alderice* and *Ferrette* are correct statements of the law they are not helpful in resolving the present issue.

In fact, only one of Defendant's cases on this issue is a case based on a 12(b)(6) motion to dismiss. *Easter v. Transport Service, Co.*, No. 3:07-cv-250, 2007 WL 4260809, at *2-3 (E.D. Tenn. Nov. 30, 2007). In *Easter*, the court dismissed a cause of action under the ADA because the Plaintiff "ha[d] not shown how his insulin-dependent diabetes substantially limit[ed] a major life activity." *Id*. at *2. This showing is an element of the prima facie case of discrimination under the ADA. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810 (6th Cir. 1999).

Plaintiff appropriately cites *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). In this case, the Supreme Court held a plaintiff need not mechanically plead the elements of a prima facie case of discrimination. *Id*. at 515. "[The] complaint detailed the events leading to [plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id*. at 514. A fair reading of the complaint in the present case indicates Plaintiff alleges she is disabled for the purposes of the ADA because she has cancer and that Defendant wrongfully terminated her because of her disability. Plaintiff has given Defendant fair notice of her claim and grounds upon which it rests. Rule 8 requires no more.

Defendant claims this fails to state a claim because breast cancer is not a per se disability under the ADA. Implied in this statement is the notion breast cancer might, in a particular case, satisfy the definition of disability. In fact, the case Defendant cites so holds, and had found the plaintiff's medical treatment substantially limited her ability to work for some periods of time but

not for the relevant period of time. *Alderice*, 118 F.Supp.2d at 863. This certainly indicates Plaintiff's claim is "plausible" within the meaning of *Twombly*. *Twombly*, 127 S.Ct. at 1966. Defendant has sufficient notice of what Plaintiff's allegations are in order to respond. Defendant is aware from the complaint Plaintiff is alleging she was disabled because of her breast cancer, and Defendant fired her on February 23, 2007 because of her disability. The remaining questions are questions of proof.

Defendant raises similar arguments as to Plaintiff's claim under the FMLA. Defendant again argues Plaintiff has failed to plead that she suffered from a serious health condition. Again, the Complaint, fairly read, indicates cancer is the qualifying medical condition. Under the FMLA, a pliantiff must suffer from "a serious health condition that makes the employee unable to perform the functions of the position" in order to qualify for FMLA leave. 29 U.S.C. § 2612(a)(1). Whether Plaintiff's cancer or treatment for cancer is sufficiently severe to qualify Plaintiff for FMLA is a question of proof and not pleading.

Defendant is correct insofar as it argues the factual allegations are infelicitously written. As written the factual allegations require the reader to draw the inference Plaintiff's breast tumor is the relevant medical condition. This is the only possible inference a reasonable reading of the factual allegation section allows, and so these allegations minimally satisfy the requirements of the rule. But a more complete and explicit set of allegations could have forestalled this motion before it was filed.

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's motion to dismiss Plaintiff's

complaint for failure to state a claim (Court File No. 9).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**